UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOMINIQUE FOUNTAIN,

    Plaintiff,

v.    Case No. 3:25cv491-MW-HTC

ALLISON MCKENZIE, ASA,
KATLYN OROBELLO, PD,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Dominique Fountain, a pretrial detainee proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 claiming that Defendants—Assistant State Attorney Allison McKenzie and Assistant Public Defender Katlyn Orobello—violated his rights in his underlying state court criminal case. Doc. 11. After reviewing the amended complaint, the undersigned concludes this case should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Fountain failed to truthfully disclose his litigation history and fails to state a claim against the Defendants. Additionally, Fountain also failed to comply with the orders of the Court.

## I.     Background

The following facts are taken from Fountain's complaint and accepted as true for purposes of this report and recommendation.

Fountain, a pretrial detainee at the Escambia County Jail, alleges that on March 4, 2025, the alleged victim in Escambia County Circuit Court Case #17-25-CF-359A met with Assistant State Attorney McKenzie.  Despite the victim signing a sworn affidavit stating she did not want to pursue charges, Fountain remains "falsely imprisoned" in Escambia County Jail.  On several occasions, he "requested" Assistant Public Defender Orobello file a demand for speedy trial, which she "denied." And "[o]n April 15, a Nelson hearing was held in Escambia County about the matter.  Judge Miller found she was effective at which time is be appealed."

Based on these allegations, he claims McKenzie violated his Fourteenth Amendment due process and equal protection rights and that Orobello violated his Sixth Amendment right to a speedy trial—"which also violates [his] U.S. 14th Amendment rights."  As relief, he seeks monetary damages.

## II.    Legal Standard

Because Fountain is a pretrial detainee seeking to proceed *in forma pauperis* and seeking relief from government employees or entities, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B) (requiring similar screening to plaintiffs seeking to proceed *in forma pauperis*).

To state a claim, Fountain must plead factual content which allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Fountain's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Discussion

#### A. Failure to Truthfully Disclose Litigation History

Fountain failed to truthfully disclose his litigation history on the amended complaint form he submitted to this Court. *See* Doc. 11. Section VIII. of the Court's approved complaint form requires plaintiffs to disclose their prior litigation history. The form advises plaintiffs that "failure to disclose all prior state and federal cases … may result in the dismissal of this case." Doc. 11 at 8. The form also advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.*

Based on this Court's independent investigation, Fountain has failed to disclose, at least, the following cases: *Fountain v. Leon County Detention Facility, et al.*, No. 4:18-cv-292-RH-CAS, at Doc. 6 (N.D. Fla. Sept. 27, 2018) (lawsuit challenging either conditions of confinement or conviction, which Fountain voluntarily dismissed prior to service); *Fountain v. Andy Rogers*, No. 4:18-cv-287-MW-CAS, at Doc. 6 (N.D. Fla. Sept. 27, 2018) (lawsuit challenging conviction, which Fountain voluntarily dismissed prior to service); and *Fountain v. Andy Rodgers, Justin Ward, & Walt McNeil*, No. 4:18-cv-283-WS-CAS, at Doc. 6 (N.D. Fla. Sept. 27, 2018) (lawsuit challenging either conditions of confinement or conviction, which Fountain voluntarily dismissed prior to service). Fountain needed to disclose these cases in response to Question VIII.A., which asked, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service" *and* in response to Question VIII.C., which asked if he had filed any suits "challenging your conviction or relating to the conditions of your confinement." Doc. 11 at 9-10.

Despite his omissions, Fountain signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 12-13. An appropriate sanction for Fountain's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171,

at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

### B. Defendants McKenzie and Orobello

Even had Fountain truthfully disclosed his litigation history, this matter would still need to be dismissed because Fountain cannot state a claim under § 1983 against the Defendants. First, Assistant State Attorney, McKenzie is immune from liability for actions taken in pursuit of a criminal prosecution. *See Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government in the judicial phase of the criminal process.") (internal quotations and citations omitted). This immunity applies to McKenzie's decision to prosecute Fountain, which forms the basis of Fountain's instant claim against her. *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (discussing that "[t]he prosecutorial function includes the initiation and pursuit of criminal prosecution," which falls within prosecutorial immunity) (internal citations omitted). And Fountain does not allege any facts showing McKenzie acted outside the scope of her jurisdiction, which would otherwise preclude application of prosecutorial immunity. *See Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (finding district court did not err in dismissing claim brought against prosecutor because allegation of prosecuting the plaintiff, despite prosecutor knowing the falsity of the underlying allegations, still fell within prosecutor's "function as an

advocate for the government, and there is no allegation that she was acting outside the jurisdiction of her office").

Similarly, Orobello, who was Fountain's public defender, cannot be sued under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law [as required for a § 1983 suit] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). As such, Fountain's claims against McKenzie and Orobello fail.

C. **Failure to Follow Orders of the Court**

Finally, Fountain also failed to follow the orders of the Court. Namely, on April 11, 2025, the Court ordered Fountain to, within twenty-one (21) days, file a complete motion to proceed *in forma pauperis* on this Court's forms or pay the filing fee. Doc. 7. The Court warned Fountain that failing to comply with it may result in a recommendation that this case be dismissed. *Id.* However, Fountain has not responded to or complied with the April 11 Order. Based on the foregoing, dismissal of this case is appropriate. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as malicious for Fountain's abuse of the judicial process and for failing to state a claim. Also, dismissal is appropriate because Fountain failed to follow orders of the Court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of May, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.